My name is Jordan Seibert and I'm thankful for the chance to speak with you today about two criminal cases from the Eastern District of Louisiana that have been consolidated on appeal. I represent the defendants, Mr. Jose Roberto Pacheco-Alvarado and Mr. Cesar de la Cruz. In each case, the district court imposed a fine on a destitute illegal alien and also ordered the Bureau of Prisons to collect the fine at the rate of one-third of the defendant's prison earnings. The fines for thousands of dollars, in one case it was $2,500, the other $5,000, were procedurally and substantively unreasonable and the district court lacked jurisdiction to order the Bureau of Prisons to collect one-third of the prison earnings for the fine. There has been a suggestion in the government's response to our recent Rule 28J letter in which, for the first time, the government suggested that the language in the judgment in each case that we say binds the Bureau of Prisons to collect a third of their prison earnings is really maybe not binding on the Bureau of Prisons. There are several reasons why we think the judge intended that language to be binding and I'm happy to walk through those for you, but before turning to that, I just wanted to say that if that argument had been presented clearly in the government's brief, we would have asked for an alternative relief if this court agreed with it, which would be that if the language does not, in fact, bind the Bureau of Prisons or is not intended to bind the Bureau of Prisons, then we would ask for a remand so that it says that. Judge, what is the client complaining of here? I mean, how is he hurt by this particular provision by the district court? Well, the language in the judgment that requires the Bureau of Prisons to seize a third of the earnings takes away from the prison staff their discretion to decide how to collect the fine, and the prisoners, in this particular instance, since they're illegal aliens, they can only qualify for the lowest-paying prison jobs, and so every penny is really critical for them to be able to have really the minimal, civilized measure of life's necessities in jail, and under the inmate financial responsibility program that the BOP has instituted, the unit staff would have discretion to work with the prisoner to figure out exactly how much should be collected and paid toward the fine. They don't have to participate and start having funds collected right away. They can wait. They can adjust things based on how the amount in their prison account might fluctuate. So what the judge did here, if we're reading the judgment correctly, is he overruled those regulations and is kind of putting the prison staff in a straitjacket to where they aren't really able to adjust or have the freedom to use their discretion to figure out how much should be taken out and paid to the fine. As an illegal alien in the prison system, what would be his earnings? Well, as a non-Unicor worker, because the rules prohibit them from participating in Unicor, the earnings would range from 12 cents to 40 cents an hour. So depending on which of those pay ranges they're in, they may, under the IFRP, it's supposed to be $25 a quarter. If you're at the higher pay range, then that works out to... It's like $8 a quarter, right? Well, I didn't do the math on the... Well, no, under the IFRP, it's supposed to be $25 per quarter that they take out. So if you're earning the amount at 40 cents an hour, that works out, and I assumed you're maybe working 40 hours a week, that works out to 13%. If you're at the lower end and you're earning 12 cents an hour, it's 43.4%. At this point, it's not in the record, and I wasn't able to talk to Mr. Pacheco Alvarado. I did talk to Mr. De La Cruz, and they have taken $25 from him, he makes about $17 a month. So it's consistent with the district court's order that they take at least a third, because it's at least... It's also consistent with the IFRP, so it's not really clear in terms of how it's actually playing out, whether the BOP thinks it's binding, but even if they don't think it's binding today, they could change their mind tomorrow. And in... Under the prison regulations, assuming the numbers are otherwise the same, what would be the expectation of their withholding? They would anticipate them withholding $25 per quarter once they start withholding it. If the... But under the terms of the judgment as we interpreted, it would have to be at least a third from as soon as they enter the prison and start making the money. But yes, so they have withheld $25 in his case, which, as I said, is consistent with the IFRP, which would require $25 being withheld, but that's also consistent with at least a third, because he was making $17 a month. And again, all that's not in the record, but... My question is, under the prison regulations, assuming the district court had done nothing, do we know, is there some measure of what they ordinarily would withhold? Yes, Your Honor. Well, we don't know what they would withhold in a particular case, because they have discretion not to withhold anything at all. But if the IFRP regulations generally provide that for someone who's not a Unicor worker, it's $25 a quarter. It's like a flat... $75? Yes, Your Honor. Flat rate. So only if he's earning more than $75 per quarter will this have any operative effect? Exactly. And how can he earn more than $75 per quarter if he's an illegal agent? Well, you can earn that much if you are making 40 cents an hour and working 40 hours a week. It comes out to... I think I did the math. It came out to about $192. I might be wrong, but... That's gross pay. Right. True. Well, that's the question. The question is, what is he going to get? Right. And I think maybe that also kind of goes to why... I'm just wondering what you're fighting over here. I mean, I understand the principle of it, I guess, but... I don't know. It's hard to me to picture how this has any operative effect. The district judge may have thought more of a third, but it's not going to have any bite. That's really my question. I guess that doesn't really matter. He's going to get it anyway. Well, Mr. De La Cruz, in particular, is going to have a five-year prison sentence. Sorry? Mr. De La Cruz has a five-year prison sentence, and so he will be there for a while. And my understanding is that you do kind of move up in the pay scale. The longer you're there, you can get different types of jobs. And, as I said, at some point, you reach a point where the amount you would pay under IFRP would be less than a third, because it would only be $25 per quarter. Because, in other words, the IFRP is a $25 flat rate no matter how much you're earning. So, depending on where your earnings are, you may be worse or better off. You're making more than $75 a quarter is what you're saying. Exactly. Yes, Your Honor. So, we believe that this court should reverse that aspect of the judgment because the district judge did not have jurisdiction to tell the BOP how to collect the fine. In one of the cases, De La Cruz, that issue was preserved at page 75 of the record. In the other case, it wasn't preserved, but de novo review applies either way because it's a jurisdictional claim. And this court has recognized that in United States v. Juarez Velazquez, which is 763 Fed Third at 430. But back to the point I was making about the new suggestion by the government that perhaps this really doesn't bind the BOP. Again, if that's the way this court decides to read the judgment, I would just ask this court respectfully to remand the cases back to the district court so that the judgment can be made to say exactly that. This court has said criminal sentences must reveal with fair certainty the intent of the court to exclude any serious misapprehensions by those who must execute them. And for sentences that are ambiguous or unclear, they must be vacated and remanded for clarification in the interest of judicial economy and fairness to all concerned parties. That's United States v. Garza at 448 Fed Third 294 at page 302. And so just on this argument now, upon remand, the district judge could say he could order withholding up to one third as long as that was not inconsistent with or in conflict with any regulations from Bureau of Prisons. Is that what he could say on remand? Well, I think what he could say is what I'm obliging the defendant to do is to pay a certain amount. What he can't say is here's what I'm obliging the BOP to do in order to comply with my order. In other words, he can set a payment schedule for the defendant. He can because otherwise payment is immediate. It's just an immediate payment if the fine is due immediately. If the fine is due immediately, the Bureau of Prisons under the statutory scheme still has discretion. So he should set an amount and a schedule. What would the schedule say? Well. Or does he have to set a schedule? He does. Well, I don't think generally he has to. He has discretion to do it if he's going to do it in the interest of justice. So I would think that if you were setting a schedule in the interest of justice to be something less than immediate payment, you might say what the amount would be. Well, I thought you said unless he sets a schedule, then it's immediate. Is that what you're saying? That's correct. So he has to set a schedule or then it's immediate. Exactly. That would guess me you'd want him to set a schedule. Well. So he would say an amount and then what would he say? You need to pay it monthly. You need to pay something monthly toward it. Right. Well, he could say. An unspecified amount monthly toward the satisfaction of the fine. Right. He could do that. He could say you'll pay $25 a month. He could say, you know, he has discretion in terms of what the number would be. The government does cite a case in its brief where the court recognized that the judge could say even a percentage of prison earnings per month. The problem in this case is that the language that he used indicates that he was trying to bind the prison staff's hands and trying to really put them in a straitjacket in terms of their discretion. Well, I guess, Rebecca, what I said, he could set a percentage. But you're saying he could. And as long as it's not inconsistent with or in conflict with the regulations of the Bureau of Prisons, then it's fine. Right. I'm trying to figure out what he's going to say on remand that's going to be satisfactory. Sure. I think what he would need to say is instead of shall be required with the implication shall be required by the Bureau of Prisons, the defendant shall pay. And then that would really solve the problem. What's your best case for the fact that the district court lacked jurisdiction to do what he did? It is the United States v. Binion, which admittedly is an analogous case because it talks about when a district court tries to give someone credit for time served, which under the scheme is up to the Bureau of Prisons to calculate. I'm not sure that really speaks to this problem. The district court also faces the problem that he's required to impose his fines and to deal with basically his payment as well, and they get chided for not being sufficiently detailed about that. And then on the other hand, the Bureau of Prisons is charged with the responsibility of collecting the fines. It's not so clear to me if this is a jurisdictional challenge or not. That's important because otherwise you've got a plain error problem, right? Well, if it's not jurisdictional, I would think that it would still be an illegal sentence because he did not have the statutory authority to order the Bureau of Prisons to do this. But, yes, I mean, generally speaking— What do you say? What tells me that he doesn't have the statutory authority to say that the fine is to be paid for whatever earnings he makes but one-third of them? He does have the statutory authority to say that. What he doesn't have the authority to do is tell the Bureau of Prisons to collect it in a certain manner. Suppose he just said that the order is directed to the defendant. You have to pay one-third of any income you have. Is that permissible? Sure. No problem. That's permissible. Assuming it passes muster in terms of reasonableness. He just needs to rephrase the order to say you've got to pay one-third, and then the Bureau of Prisons has got to abide by that. Well, no, the Bureau of Prisons doesn't have to abide by it because even when he orders immediate payment, the Bureau of Prisons handles an immediate payment order by putting someone into IFRP. They can ignore the—they can pay him and not take out a third of it. Is that what you're saying? Yes. I think I agree with you. I didn't say that. Well, I think the answer to your question is yes. If the order says the defendant shall pay a third, then the Bureau of Prisons can put him into IFRP and not take out a third or take out a third. They would have the discretion then. Okay. I think that's the answer to your question, but I'll reserve the rest of my time. Yes, Mr. Sauber. You've saved time for rebuttal. Thank you. Mr. Howler? May it please the Court, David Howler for the United States. District courts are authorized under Section 3571 and 72 to impose fines on criminal defendants and to order that those fines either be paid immediately, on a date certain, or on an installment. Here, the district court ordered that both defendants pay a fine, and all they did was tie the amount of the fine that they had to pay or the schedule to their prison earnings. The order doesn't require the Bureau of Prisons to do anything. The Bureau of Prisons doesn't have to put the defendants into a particular facility to slot them into a particular job to seize any of their money or to garnish any of their wages. The orders are directed at the defendants, and that's what distinguishes this case from the Badger case that was cited in the reply brief in de la Cruz and in the 28J letter. In Badger, the order is very clear. It says to the BOP, seize 50% of the funds in the defendant's commissary account. Do you disagree with Counsel Lobson who says that the Bureau of Prisons could simply frustrate that payment of one-third of what he's received? Well, I agree with him in the sense that if the order is directed directly to the prisoner, that there's absolutely no problem with it. Where I disagree with him is— He was going further. He says if you do that, that doesn't bind the prison system. They can ignore that. And I guess they can ignore it by paying it to him. Ultimately, the payment of the fine is— There's nothing for them to ignore. They pay him what they're going to pay him, but he's under an obligation to pay it. Absolutely. They're not under an obligation to enforce, as the executive branch of government, the order of the district court. Correct. The obligation to pay the fine is the defendant's obligation. The Bureau of Prisons has created this program that allows the defendants to, whatever obligations they may have, facilitate a plan where those obligations get paid. But it doesn't put the Bureau of Prisons under any obligation to make the payment. It remains the responsibility of the defendant. In other words, they pay him. The Bureau of Prisons pays what they want to pay him. But whatever they pay him, if he doesn't then comply with that, does the district court have any continuing jurisdiction to enforce that payment of fine? Well, both the district court and the government would have, just as in your typical case, if the person wasn't in prison and they default on their— No, I'm talking about prison only. I don't get off no other fines. Yeah, I mean it's not exactly how the district court would go about sanctioning the defendant further if he was still in prison. But the district court, I mean, under 3613A, there's a whole list of methods that the district court can use to enforce a judgment or enforce a fine that's not being paid. And presumably any of those would be available. I mean the real area of contention, it seems, is— What's the jurisdictional argument here? I don't see a jurisdictional argument at all. To me, this is a— Why is plain error the answer to it? Why is plain error the answer? Well, in Pacheco-Alvarado, they didn't object at all about the jurisdiction of the court to issue this type of order. So this is an argument that was raised for the first time on appeal. It's a little bit closer in De La Cruz whether what the counsel at the sentencing hearing said was sufficient to preserve the error. Arguably, they did mention the authority of the executive to maintain the IFRP, but they don't say anything about the district court lacking jurisdiction to issue the order. So I think plain review applies in both of the cases. And they definitely can't meet plain review. They pointed to no controlling law that would say that this type of order is incorrect. And, in fact, it follows very closely what the statute requires the district court to do. I mean, after hearing the appellant's argument, I mean, it seems that the main difference between us is whether or not you read— whether we read the judgments in these two cases to not be binding on the Bureau of Prisons. And let me just compare it to the Badger judgment, which where the government conceded that it was directed at the Bureau of Prisons and conceded error. In that judgment, it reads, quote, The BOP is to deduct half the funds currently in the defendant's commissary account, very clearly ordering the BOP to do something. Here it says that the defendant shall pay a fine of $2,500. If the defendant is placed by the Bureau of Prisons at a facility where he can work and receive compensation for that work, payment of the fine shall be required at a monthly rate of at least one-third of the earnings. He reads into that payment—we read that to be payment by the defendant on the fine, since the first part of the order says the defendant shall pay the fine. So we read no—there is no order to the Bureau of Prisons, and this is permissible even under what the appellant conceded during his part of the argument. All right, thank you, Mr. Howard. Okay, thank you. Mr. Abbott, you saved time for rebuttal. Thank you, Your Honor. The language that appears in both judgments states, If the defendant is placed by the Bureau of Prisons, payment of the fine—I'm skipping over a few words—payment of the fine shall be required, and we believe the implication is by the Bureau of Prisons. Admittedly, that phrase isn't in there, but everyone who was in the room at the sentencing trial council in particular believes that's exactly what the judge meant, and that's why I think if this Court's going to take a different interpretation, at the very least the case should be remainded so that that language can be changed. What sums the money was the defendant handling when he was convicted of the crime he was convicted of? Which particular— I don't remember the offense he was convicted of. Well, Mr. Pacheco Alvarado was convicted of illegal reentry, and at the time of— I don't know if he had any cash on him when he was arrested. At the time of his sentencing, he had no assets whatsoever, and he has a third-grade education. He's from Honduras, and when he worked in Honduras as a farm worker, he was paid in crops. I'm just trying to understand. I assumed that there was a fine, that there was some sense that he had money. Well, in Mr. de la Cruz, he had five counts. Four of them were controlled substance offenses. Two of them involved a few pills, oxycodone pills and one hydrocodone pill, and a small amount of marijuana. And then he also had a conviction for being in possession of a firearm unlawfully as an illegal alien. So neither—well, I mean, I guess in Mr. de la Cruz's case, there had been some kind of undercover thing that happened where they were trying to buy the gun. That's in the factual basis, but these weren't economic crimes. They didn't have—by the time of the sentencing hearing, Mr. de la Cruz, as well, had no assets. And he is from Mexico. He has a sixth-grade education. Well, I can see a situation where you had a defendant that was caught up in a cartel of some sort, and there was a lot of money flowing around. And the district court, common sense, said that his money is stashed and whatever, and I'm going to impose a fine on you, and I'm going to get— and then I want you to pay at least a third of what you're earning and so forth. But he would impose the fine because he thinks that there's money out there. Right. That would make sense, but that's not either of these cases. But here you said that didn't happen. That it didn't help? Here that was not the case. Correct. It's not the case here. So for those reasons, I would ask the court to correct the judgment either by reversing that language, vacating that language, and also to grant relief on our challenge to the reasonableness of the fines as well. Thank you so much. Thank you, Mr. Seibert. Your case and all of today's cases are under submission. The court is in recess until 9 o'clock tomorrow.